UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:04-cr-57-DBH-02 |
| | ) | |
| GERALD BEAMAN, | ) | |
| Defendant | ) | |

**ORDER ON MOTION TO APPOINT COUNSEL AND REDUCE SENTENCE**

The defendant Gerald Beaman has filed a motion seeking appointment of counsel and a reduced sentence on account of the new, retroactive, more lenient crack cocaine Guideline. Def. Mot. for Modification or Reduction of Sentence (Docket Item 212). Because Beaman's original sentence was not based upon the quantity of crack cocaine for which he was responsible, he does not benefit from the new Guideline. The motion therefore is **Denied**.

At the original sentencing, I did not make a specific drug finding because Beaman was a career offender and the resulting career offender Guideline calculations were far higher than any calculations from the drug table. (The Presentence Report found a drug quantity of 226.8 grams of crack cocaine. Although the parties did not agree on the amount of crack cocaine, they agreed that the career offender Guideline yielded a higher offense level.) As a career offender, Beaman's adjusted offense level was increased to 37 (the maximum penalty in this case was life), and he received a 3-level reduction for accepting

responsibility.  As a result, his Total Offense Level was 34.  In combination with his Criminal History Category of VI, the original guideline range was 262-327 months.  I then then departed downward due to overrepresentation of criminal history to a Criminal History Category of V, which resulted in a Guideline range of 235-293 months.  I also granted a § 5K1.1 motion, but refused to impose a variant sentence, and finally imposed a sentence of 209 months.

Due to Beaman's status as a career offender, his Guideline calculations remain the same as at the original sentencing; they are not affected by the new crack cocaine quantity calculations.  Neither of the departures Beaman received depended upon the crack cocaine quantity calculations.  Thus, the limited holding in <u>United States v. Cardosa</u>, 606 F.3d 16, 21 (1st Cir. 2010), which allows a judge to change the sentence when the original sentence was affected by the drug quantity calculations, does not apply here.

Accordingly, the motion is **DENIED**.

**SO ORDERED.**

**DATED THIS 4TH DAY OF NOVEMBER, 2011**

/s/D. Brock Hornby
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**