# UNITED STATES DISTRICT COURT

# DISTRICT OF MAINE

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | No. 2:04-cr-57-DBH |
| | ) | |
| **LEROY MOSLEY, JR.** | ) | |
| Defendant | ) | |

## ORDER ON DEFENDANT'S MOTION TO REDUCE SENTENCE

The defendant seeks a sentence reduction under the new crack cocaine Guideline calculations. Mot. Requesting a Sentence Reduction (Docket Item 223). However, he was originally sentenced under the Career Offender Guideline, not the drug quantity Guideline. As I stated in 2008, when I denied his previous request to reduce his sentence when the crack cocaine quantity calculations changed:

> The defendant's sentence was not based on Guideline calculations of the quantity of crack/cocaine base, but upon the fact that he was a career offender. The relevance of the 50 grams of crack/cocaine base [to which he pleaded guilty] was to make him subject to a maximum term of life imprisonment under the statute. 21 U.S.C. § 841(b)(1)(A). That is what drove the Guideline range, not the Guideline calculation for crack cocaine. Applying the new, more lenient crack/cocaine base Guideline simply would not affect Mosley's sentence.

Order on Defendant's Motion to Reduce Sentence at 2 (Docket Item 202).

That same reasoning applies to the new Guideline calculations. It is true that under the Fair Sentencing Act, 50 grams or more of cocaine base would no longer generate the same base offense level under the Career Offender Guideline. That is because the Career Offender Guideline is tied to the maximum statutory penalty for an offense and the Fair Sentencing Act changed the maximum statutory penalties going forward. But those changes are not retroactive, United States v. Goncalves, 642 F.3d 245, 252 (1st Cir. 2011); United States v. Perez, 2011 WL 5403145 *3 (D. Mass. Nov. 4, 2011) ("Given that the statutory ranges themselves are not retroactive, there is no reason to infer that career offender levels calculated based on those ranges would be, at least absent some legislative enactment or guideline amendment indicating so."). Moreover, the authority Congress granted the Commission to make retroactive guideline changes does not include statutory changes, and the amendment history makes clear that the Commission did not intend to alter sentences pursuant to the Career Offender and Armed Career Criminal guidelines. See U.S. Sentencing Guidelines Manual app. C at 394, Amendment 750 ("Other offenders are sentenced pursuant to § § 4B1.1 (Career Offender) and 4B1.4 (Armed Career Criminal), which result in sentencing guideline ranges that are unaffected by a reduction in the Drug Quantity Table.")

Therefore the motion is **DENIED**.[1]

**SO ORDERED.**

**DATED THIS 1ST DAY OF DECEMBER, 2011**

                                                    **/S/D. BROCK HORNBY**
                                                  **D. BROCK HORNBY**
                                                  **UNITED STATES DISTRICT JUDGE**

---

[1] The defendant has also filed a motion to enforce specific performance of the plea agreement. Mot. to Enforce Specific Performance of the Plea Agreement (Docket Item 224). Expecting that he can be resentenced, he wants the government to tell me of his cooperation. See Mot. Requesting a Sentence Reduction at 8 (Docket Item 223). Because I have no authority to resentence him, there is no reason to order the government to provide me such information. That separate motion is also **DENIED**.